## Case No. 2,937.

### CODRINGTON v. ADAMS.

[Brunner, Col. Cas. 650;[1] 21 Law Rep. 586.]

Circuit Court, D. Massachusetts. 1857.

BANK—DUTY OF, AS TO NOTE RECEIVED FOR COLLECTION.

A bank which receives a note for collection in the ordinary course of business, from a bank in another city, bearing the indorsement of the latter's cashier, is not bound to send notice of non-payment to any other party than its principal; and the fact that the first indorser resided in the same city with the first bank, even if known, would not change the duty of its agency.

This was an action on the case against [Charles B. F. Adams] a notary public for negligently omitting to give due notice to Theodore Otis, an indorser of a note which had been committed to the notary to be protested. The note was signed by William Blanchard, and payable to Theodore Otis or order, and indorsed by him, by the plaintiff [J. B. Codrington], and by F. W. Edmands, cashier. The plaintiff called the defendant as a witness, who testified that he received the note from Mr. Hall, the cashier of the Bank of North America, in the city of Boston; that F. W. Edmands was the cashier of a bank in the city of New York; that the witness had general instructions from the Bank of North America that when a note is indorsed by a cashier out of Boston, the notices to indorsers were to be sent to such indorsing cashier. That when he received the note at the Bank of North America he inquired if they knew the parties. The answer by Mr. Hall, the cashier, was, no; he must enclose the notices to the cashier in New York. That he went to the place of business of the maker in Boston on the maturity of the note, and demanded payment of the person in charge there. The answer was the maker was absent, and there was no one to pay.

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

He then inquired if they knew who Otis was; to which it was replied he was an out of town man. He did not inquire where he lived, nor look in the directory. He knew a Mr. Otis, but did not know his Christian name, nor that the person whom he knew was Otis, the indorser of this note. He put the protest of the note for non-payment and notices to Otis and the other indorsers into the postoffice the same afternoon, directed to Mr. Edmands, cashier, at New York. In point of fact, Mr. Otis was a member of the bar in the city of Boston, and his name was in the directory. Upon this evidence, which was all that was offered in behalf of the plaintiff to support the charge of negligence of the defendant, the court intimated that, in its opinion, the jury would not be warranted in finding a verdict for the plaintiff, and thereupon the plaintiff submitted to a verdict for the defendant. He now moves for a new trial, and assigns for cause that there was evidence which would have warranted a different verdict.

R. H. Dana, for plaintiff.
Mr. Fiske, contra.

CURTIS, Circuit Justice. I consider it to be settled, that the Bank of North America, which received this note for collection as an agent of the New York bank, was employed only to make due demand of payment, and if it should be refused, give seasonable notice to the New York bank, which was its principal; and that the fact that the first indorser resided in the city of Boston, even if known to the Bank of North America, does not change the duty of its agency. Bank of U. S. v. Goddard [Case No. 917]; Phipps v. Millbury Bank, 8 Metc. [Mass.] 79. Whether, if the Bank of North America had actually employed the defendant to do more than this, and he had neglected such additional employment, the plaintiff could have availed himself of the act of the Boston bank in contracting for such additional employment, it is not necessary to determine. I do not mean to express any doubt that he might, for I have not fully considered the question in all its bearings. But as the Bank of North America, so far as appears, received this note in the usual course of business for collection, and was not bound to give notice of non-payment to any party except the New York bank, which sent it bearing the indorsement of its cashier, there is no presumption that when the plaintiff was employed it was to do anything more than his employer was bound to do. And certainly there is no evidence that his employment extended further. The only witness testifies that his employment was expressly restricted to giving notice to the bank in New York, both by general instructions applicable to this note, and also by an express direction given when he received the note. The witness was called by the plaintiff, and though he is the party defendant, the plaintiff could not argue to the jury that he did not intend to testify truly.

The plaintiff's counsel urges that he might have argued to the jury there was no such absolute direction given to send the notices to New York, as the witness testified to, but only to send them there if it should be ascertained the indorsers were not residents; and that he might have so argued from the fact that the defendant inquired at the maker's place of business if Otis was known there. But the witness gives a satisfactory explanation of that; for he says that though he did not consider himself employed to give notices to the indorsers, save by sending them to the cashier in New York, he should, as a matter of courtesy have given Mr. Otis a notice, if he had known or been informed that he lived in Boston.

Undoubtedly, I should have formally submitted this case to the jury, with instructions as to the law, and left it for them to find the extent of the employment of the defendant, for it is matter of fact, if I had not understood the plaintiff's counsel, at the time, not to desire to have it so submitted. And I should set aside the verdict now, and allow the evidence to be submitted to a jury, were I not clearly of opinion that the intimation given at the trial was correct, that the evidence would not warrant, in point of law, a verdict for the plaintiff, and if I did not consider that if a verdict for the plaintiff were rendered, I must set it aside as against the evidence. The motion for a new trial is overruled, and there must be judgment on the verdict.